UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID E. CAMERON,** *et al.*,

    **Plaintiffs,**

    v.

**HESS CORPORATION,** *et al.*,

    **Defendants.**

Civil Action 2:12-cv-168
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Motion of Plaintiffs Helena Hays, John Chandler, Jack Downing, Janice Downing, Termana LTD No. 6, Termana LTD No. 7, and Termana LTD No. 9 ("Movants") to Intervene as Party-Plaintiffs. (ECF No. 57.) For the reasons that follow, it is **RECOMMENDED** that Movants' Motion to Intervene be **DENIED**.

### I.

Plaintiffs initially commenced this action in the Court of Common Pleas for Jefferson County, Ohio, on January 27, 2012. Defendants subsequently removed the action to this Court on February 23, 2012. Plaintiffs assert claims relating to the interpretation and validity of an oil and gas lease drafted by Defendant Mason Dixon Energy. Specifically, Plaintiffs assert the following claims: (1) declaratory judgment regarding pooling rights; (2) unconscionability; (3) unjust enrichment; (4) declaratory judgment regarding an allegedly fraudulent notarization of one of the leases due to the absence of a notary; (5) declaratory judgment regarding an allegedly

fraudulent notarization of one of the leases due to the absence of a signatory; and (6) declaratory judgment regarding whether the lease has terminated.  (Pls.' Am. Compl. ¶¶ 12-51.)  Following the April 10, 2013 Preliminary Pretrial Conference, the Court issued a Preliminary Pretrial Order setting forth case deadlines.  (ECF No. 14.)  Thereafter, the parties engaged in discovery and have participated in Court-sponsored mediation.  All parties have moved for summary judgment, and these motions are fully briefed.  (ECF Nos. 37, 42 and 51.)

Movants filed their Motion to Intervene on May 29, 2013.  (ECF No. 57.)  Movants seek permissive intervention.  Movants posit that intervention is appropriate given that like Plaintiffs, they seek to challenge certain aspects of the oil and lease contracts that they entered into with Defendant Mason Dixon Energy.  Movants represent that the leases they executed contain identical language to the leases Plaintiffs executed.  In their Proposed Complaint, Movants assert the following causes of action: (1) misrepresentation; (2) fraud in the inducement; (3) breach of express terms; (4) breach of implied covenants; (5) quiet title; (6) slander of title; (7) declaratory judgment regarding the lease term; and (8) declaratory judgment regarding pooling rights.  (Proposed Compl. ¶¶ 41–81, ECF No. 57-1.)  Movants assert that the issues raised in their Proposed Complaint "are essentially identical to the issue pending before this Court."  (Movants' Mot. 2, ECF No. 57.)  Movants acknowledge that some of their proposed claims involve case-specific inquiries, but maintain that intervention will require only a "minimal amount of additional discovery . . . [and] will not cause a signifcant delay to adjudication of the issues." (Movants' Reply 9, ECF No. 62.)

Defendants oppose intervention.  (ECF No. 60.)  Citing the progression of the litigation and the length of time this case has been pending, Defendants maintain that Movants' Motion to Intervene is untimely.  Defendants concede that Movants' proposed claim for declaratory

2

judgment regarding pooling rights "overlaps" with Plaintiffs' claims for declaratory judgment regarding pooling rights. Defendants nevertheless contend that Movants' proposed claims do not share the requisite common questions of law and fact with the claims in this action because the remaining proposed claims arise from different facts and are governed by different legal principles. Finally, Defendants argue that intervention would be improper because it would unduly delay or prejudice the adjudication of the original parties' rights. Defendants explain that intervention would require extensive written and deposition discovery and another round of dispositive motions briefing, none of which can be accomplished under the current case schedule.

## II.

Movants seek permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). In general, "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Rule 24(b)(1)(B) provides in pertinent part:

> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> \* \* \*
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(B).

The decision of whether to grant permissive intervention is a matter within the Court's sound discretion. *See Blount—Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011) (reviewing permissive intervention determination for abuse of discretion). Like intervention as a matter of right, permissive intervention requires a timely application. *United States v. City of Detroit*, 712

3

F.3d 925, 930–31 (6th Cir. 2013). In addition, a party seeking to intervene must establish "at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Finally, if a movant satisfies the timeliness and commonality requirements, "a court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*.

### III.

Because the Undersigned finds Movants' application for intervention untimely, it is **RECOMMENDED** that their Motion to Intervene be **DENIED**.

The United States Court of Appeals for the Sixth Circuit recently reiterated the five factors that guide a court's determination of timeliness:

> "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention."

*City of Detroit*, 712 F.3d at 930–31 (quoting *Grubbs v. Norris*, 870 F.2d 343, 345–46 (6th Cir. 1989)). "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Blount—Hill*, 636 F.3d at 284 (quoting *Stupak–Thrall v. Glickman*, 226 F.3d 467, 472–73 (6th Cir. 2000)).

The first factor clearly weighs against intervention. Movants incorrectly assert that this action is in the early stages. To the contrary, this action, which has been pending for more than eighteen months, has made extensive progress. Specifically, the parties have conducted written

4

and deposition discovery, engaged in Court-sponsored mediation, and filed summary judgment motions, which are fully briefed and ripe for adjudication. *See Stupak–Thrall*, 226 F.3d at 474–75 (upholding denial of intervention, explaining that when the appellants sought to intervene "it was very late in the course of litigation, by every measure" where the discovery period had closed and the dispositive motions deadline was only seven weeks away).

The second factor, the purpose for which intervention is sought, does not help Movants. Movants identify "judicial economy" and their desire to have the Court interpret the relevant lease language as their purposes for seeking intervention. Given the progression of this action and the new causes of action Movants seek to interject, however, the Undersigned is unable to discern how intervention would serve the interests of judicial economy. Movants' second expressed purpose likewise fails to tip the scales. The Court will interpret the relevant lease language regardless of whether Movants are permitted to intervene or they file a wholly new action.

Under the circumstances presented here, the third and fourth factors do not significantly weigh in favor of intervention. According to Movants, they did not learn of the instant action's pendency until March 20, 2013. Based upon the parties' representations, it is unclear whether Movants reasonably should have known of their interest earlier. Regardless, Movants delayed filing their Motion for Intervention for more than two months. The Court cannot conclude, however, that the original parties would be further prejudiced *as a result* of the two-month delay. *See Blount—Hill*, 636 F.3d at 284 (prejudice as contemplated within the fourth factor is "prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case"); *City of Detroit*, 712 F.3d at 933 (analysis of the fourth factor "must be limited to the prejudice caused by the

5

*untimeliness*, not the intervention itself"). The litigation was already in its late stages even as of March 20, 2013. By then, the parties had conducted discovery, engaged in Court-sponsored mediation, and moved for summary judgment. Given the progression of this action, the absence of prejudice attributable to Movants' two-month delay in filing their Motion for Intervention does not bear much weight.

Finally, with regard to the fifth factor, the Undersigned is unable to discern any unusual circumstances that would favor intervention.

Although a preliminary determination that Movants' Motion is untimely is determinative, other considerations, including delay and prejudice, also weigh against permitting intervention. Given the progress of this case and the nature of the claims Movants seek to assert, intervention would most certainly serve to delay the litigation and prejudice the original parties. Defendants correctly point out that only one of Movants' proposed claims overlaps with Plaintiffs' claims. Significantly, several of the non-overlapping proposed claims arise from different factual circumstances and are governed by different legal theories. For example, Movants' first and second counts are premised upon their allegations that an agent of Defendant Mason Dixon Energy "made numerous false and material misrepresentations," including representations that the agents were "'re-signing old leases'" and representations concerning the value of the minerals on the property as well as the timeline and intent to develop and extract the minerals, among others. Not surprisingly, Defendants have expressed their intention to conduct written and deposition discovery regarding these allegations. And presumably, if the Court permitted intervention, both Defendants and Movants would want to file dispositive motions. Thus, intervention would most certainly require modification of the current case schedule and result in a delays of the adjudication of the original parties' pending dispositive motions. *See*

*Blount—Hill*, 636 F.3d at 286–87 (finding prejudice and undue delay where the movant sought intervention at a "late state in the litigation," explaining that the parties had "an interest in expeditious and efficient disposition of [the] action" ).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that Movant's Motion to Intervene as Party-Plaintiff's be **DENIED**.  (ECF No. 57.)

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

7

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:   August 20, 2013					       /s/ *Elizabeth A. Preston Deavers*
							Elizabeth A. Preston Deavers
							United States Magistrate Judge

8